No. 75.—JOHN BANKS, plaintiff in error, *vs.* GIDROT & CO. defendants in error.

[1.] The price which an agent to sell fixes upon the commodity, is, as against the owner of it, evidence on the question, what is the value of the commodity.

[2.] It is right in the Court not to require a Jury to regard what is, of necessity, the mere opinion of a witness.

Complaint, in Muscogee Superior Court. Tried before Judge WORRILL, December Term, 1855.

Gidrot & Co. sued John Banks on an account, for the price of a centre-vent water-wheel. On the trial, George Winter

testified, that he, as agent for plaintiffs, delivered the wheel to the wagoner of defendant; that a few days afterwards, the defendant said to him, that he had made a contract with H. A. Rozle, as the agent of plaintiffs, to furnish and put into operation such a wheel; witness replied, that Rozle had no authority to make any such contract; that his only authority was to sell. Witness was not present when Rozle was appointed agent, and had no personal knowledge as to extent of his authority, except from a letter he had received from plaintiffs. He proved the execution of the contract signed by Rozle, hereinafter named.

The defendant offered in evidence that contract, which was in writing, and signed by Rozle, and to the effect stated by defendant. Plaintiff's Counsel objected, because there was no evidence to show that Rozle was authorized to make such a contract. The Court sustained the objection, and defendant excepted.

Defendant's Counsel insisted, that Winter had proved that there was a special contract; and if so, plaintiffs could not recover in this action. The Court charged the Jury, that to defeat this action, it was not only necessary to show that there was a special contract, but also to show the terms of such contract. To this charge, defendant excepted. On these exceptions, error is assigned.

W. DOUGHERTY, for plaintiff in error.

MOSES, for defendant in error.

*By the Court.*—BENNING, J. delivering the opinion.

If Rozle was agent to sell the wheel, he was agent to fix a price on it; he had power to agree as to the price of it.

[1.] It was proved, that he was agent to sell the wheel. The writing which was rejected, showed that he had put a price of not exceeding $200 on the wheel. And what was

the value of the wheel, was in issue. And certainly, in the sale of a thing, the price put on it by one authorized to put a price on it, is to be considered as some evidence, that the value is not greater than that price.

On the question of the *value* of the wheel, therefore, we think that the writing was admissible.

The writing was of a somewhat singular kind. It was in these words: " I bind myself to furnish John Banks, a centre-vent wheel-mill," (mill-wheel?) " at his plantation, in Stewart County, for two hundred dollars, with all the appurtenances belonging—iron scroll-wheel, &c.; said Banks to have the frame of the house 16 by 24, and do the carpenter's work. I am to superintend the putting up the house, the dam, &c. and warrant the mill to grind one hundred bushels of corn per diem. 22 October, 1850.      H. A. ROZLE.

for Gidrot & Co."

But we do not think that this writing was admissible for the purpose of showing anything else than what was the value of the wheel.

[2.] If a witness says there was a " special contract," without stating what the contract was, he, of necessity, gives what is mere matter of opinion. And in general, that is not evidence.

But even if a special contract had been proved in terms in this case, it does not follow that the plaintiff could not have recovered. By the Act of 1854, a plaintiff may amend his declaration at any stage of the cause, and in any matter, whether of form or substance.

We see nothing wrong in the charge.

But as the writing was rejected, we think there ought, on that account, to be a new trial.